UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLASS BROWN, | No. CV 08-7459 PA (FFM) |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | |
| ED FREEDMAN, et al., | |
| Defendants. | |

## BACKGROUND

*Pro se* plaintiff, Douglass Brown, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Central District of California on November 14, 2008, pursuant to the Court's order granting leave to file the action without prepayment of the full filing fee. At the time plaintiff filed the action, he was incarcerated at California Correctional Institution in Tehachapi, California.

On November 18, 2008, this Court issued an order, which, among other things, warned plaintiff of his obligation to keep the Court informed of his address. Specifically, the order stated in part:

> During the pendency of the action, plaintiff must notify the Court immediately if his address changes and must provide the Court with the new address and its effective date. Any failure by plaintiff to comply with a court order because plaintiff did not receive the order

> due to his failure to inform the Court of his current address may result in the action being dismissed for failure to prosecute. *See Carey v. King*, 856 F. 2d 1439, 1440-1441 (9th Cir. 1988); Local Rule 41-6.

Order Re Civil Rights, filed November 18, 2008, at 2.

On August 22, 2011, this court entered an order granting plaintiff's motion for leave to amend his complaint and dismiss certain defendants. On August 22, 2011, plaintiff's First Amended Complaint ("FAC") was filed. On November 10, 2011, defendant Milazzo filed a motion to dismiss the FAC. On November 16, 2011, the Court issued a minute order re defendant's motion to dismiss setting a briefing schedule on defendant's motion. That order was returned to the Court as undeliverable mail on December 1, 2011. On December 6, 2011, the Court issued an order to show cause, ordering plaintiff to show cause within 15 days why the action should not be dismissed for his failure to inform the Court of his change of address. That document was thereafter returned to the Court as undeliverable mail.

## DISCUSSION

Local Rule 41-6 provides:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

///

To date, petitioner has not notified the Court of his new address and, as a result, the Court has no way of communicating with petitioner. Accordingly, this action is **ORDERED DISMISSED** without prejudice for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed.2d 734 (1962); Fed. R. Civ. P. 41(b).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 15, 2011

_____
PERCY ANDERSON
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge